UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANDREA FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:12-cv-82-RLY-WGH |
| | ) | |
| AZTECA MILLING, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE
PLEADINGS**

Plaintiff, Andrea French ("French"),  filed suit against Defendant, Azteca Milling,

L.P. ("Azteca Milling"), alleging discrimination and hostile work environment,

retaliation, pregnancy discrimination, and violation of the Equal Pay Act.  Azteca Milling

now moves for partial judgment on the pleadings.  For reasons set forth below, its motion

is **GRANTED IN PART** and **DENIED IN PART.**

**I.       Factual Background and Procedural History**

French was employed by Azteca Milling from August 2006 until March 2011.

(Complaint ¶¶ 9, 27).  On at least three occasions between May 2007 and November

2010, she applied but did not receive interviews for positions that were posted internally,

despite being qualified and having consistently met or exceeded performance

expectations.  (*Id.* ¶¶ 10-12, 14, 16, 25).  In April 2009, French initiated an internal

sexual harassment complaint against her supervisor; the complaint was made public and

1

subjected her to adverse treatment by her superiors in response to filing the complaint. This adverse treatment continued even after the harassing supervisor resigned in mid-2009. (*Id*. ¶¶ 17-19). She suffered further discrimination by her co-workers for bringing her African-American boyfriend to the 2009 company holiday party. (*Id*. ¶ 20). In December 2009, French was promoted to Sanitation Crew Leader and spent at least some time in a supervisory capacity, but she did not receive the pay differential that supervisory Crew Leaders normally receive. (*Id*. ¶¶ 21, 26). French was forced to take a leave of absence by the human resources manager on August 19, 2010, after she learned she was pregnant, and was not allowed to return to work. (*Id*. ¶¶ 23-24).

French was terminated on March 17, 2011. (*Id*. ¶ 27). She filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on April 28, 2011. (Defendant's Exhibit A).[1] She filed suit in this court on June 14, 2012, alleging race and sex discrimination, retaliation, and hostile work environment sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.) ("Title VII"). (*Id*. ¶¶ 31-34, 36-39). She also alleges pregnancy discrimination (*Id*. ¶¶ 41-43) and that she was not paid the appropriate rate for a supervisor, in violation of the Equal Pay Act of 1963 (29 U.S.C. § 206(d)). (*Id*. ¶¶ 45-47). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §2000e-5(f)(3).

---

[1] While French's EEOC charge is not explicitly stated in French's complaint, it does contain many of the pertinent factual allegations and discrimination charges. (*See* Complaint ¶¶ 17-27, 31). Therefore, the incorporation by reference doctrine is appropriate (*Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)), and Azteca Milling attaching the EEOC charge to its motion does not cause the court to convert it to a motion for summary judgment. FED. R. CIV. P. 12(d).

## II.    Legal Standard

Either party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  FED. R. CIV. P. 12(c) ("Rule 12(c)").  A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the lawsuit.  *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).  Thus, a complaint need not make detailed factual allegations to survive a Rule 12(c) motion for judgment on the pleadings, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff.  *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996).  Accordingly, the facts outlined above are accepted as Plaintiff alleges them.

III.    **Discussion**[2]

Defendant has moved for judgment on the pleadings on two grounds.

### A.    Whether Claims Based On Allegations Preceding July 2, 2010 Are Time-barred

Azteca Milling has requested judgment on the pleadings for all of Count I and for Count II to the extent it contains allegations prior to July 2, 2010 – more than 300 days before she filed her charge – on the grounds that they are barred by the statute of limitations.  The parties are in agreement that the Supreme Court spoke on this issue in *Nat'l R.R. Passenger Corp. v. Morgan* (536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)), but disagree over how the Court's holding applies to French.  In *Morgan*, the Supreme Court held that any claim for adverse employment action in violation of Title VII must be brought in a charge before the EEOC within 300 days of the alleged action, or else it is barred by the statute of limitations. *Morgan*, 536 U.S. at 113.  Each discriminatory act is discrete and must be brought before the EEOC within 300 days; a claimant may not bootstrap a stale discriminatory act to a ripe one.  *Id*.

There is, however, an important exception.  For hostile work environment or sexual harassment claims, the "continuing violation" doctrine applies, meaning that the discrete incidents of harassment or hostility together constitute a continuing violation of Title VII.  As long as at least one of those acts happened within 300 days of the EEOC

---

[2] Azteca Milling asks that the court disregard French's brief, since she filed it more than one month past the deadline.  (Defendant's Reply at 1 n.1 (citing S.D.Ind.L.R. 7.1)).  Azteca Milling informed French it would not oppose a request for additional time to file her response (*id*.), and French's brief does not change the disposition of this motion.  Therefore, the court denies Azteca Milling's request.  However, the court reminds French that a party should file a motion with the court to obtain an extension of time.  S.D.Ind.L.R. 6.1.

charge, all instances can be brought in the lawsuit. *Morgan*, 536 U.S. at 117-18. French and Azteca Milling dispute whether the continuing violation doctrine makes French's claims actionable.

### 1.      Discrimination and Hostile Work Environment

French claims that she "was subjected to a hostile work environment that was severe and pervasive and subjected to different terms and conditions of her employment on the basis of her race, sex, national origin, and color, white." (Complaint ¶ 31). "In determining whether an actionable hostile work environment claim exists, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Morgan*, 536 U.S. at 116 (internal quotation omitted).

All of French's discrete allegations regarding her hostile work environment claim occurred before July 2, 2010. French made her only allegation of sexual harassment in April 2009, and the harassing supervisor departed in mid-2009. (Complaint ¶¶ 17, 19). French further alleges she suffered racially-motivated rude behavior at the company holiday party in December 2009. (*Id.* ¶ 20). She also claims she applied for a position at a different location in late 2009 to escape the adverse treatment she suffered from her superiors, which had not lessened after filing the sexual harassment complaint. (*Id.* ¶¶ 18-19). These events happened prior to July 2, 2010 and would be barred by the statute of limitations. French does allege that she "was subjected to a hostile work environment

that was severe and pervasive . . ." (*Id.* ¶ 31), but this is merely a recitation of the

continuing violation requirements. *See Harris*, 536 U.S. at 116 (internal quotation

omitted). By itself, that cannot constitute a plausible claim for relief. *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).[3] French has not alleged a

discrete act of workplace hostility that occurred on or after July 2, 2010. Without this, a

hostile work environment claim cannot proceed even if French was still in a "'workplace

permeated with 'discriminatory intimidation, ridicule, and insult'" (Plaintiff's Brief at 2

(quoting *Morgan*, 536 U.S. at 116)) within 300 days of filing her EEOC charge. *Morgan*,

536 U.S. at 117. While the court is required to draw all reasonable inferences in favor of

a non-movant, *Mallett*, 130 F.3d at 1248, it cannot infer additional facts to make French's

claim actionable. There are no discrete claims of sexual harassment or hostile work

environment alleged to have happened on or after July 2, 2010. Therefore, Azteca

Milling's motion for judgment on the pleadings for Count I must be granted as it pertains

to any allegations of sexual harassment or hostile work environment.

French does allege that she was forced to take a leave of absence on August 19,

2010, after learning she was pregnant. (Complaint ¶ 24). She also claims that after being

denied a supervisor position because she lacked the necessary qualifications, in October

or November of 2010, a male was hired for the supervisor position despite not having the

---

[3] French misstates the standard for evaluating Rule 12 motions when she states that "it
strains credulity to suggest there is no set of circumstances on which Plaintiff can establish the
requisite 'abusive working environment' and 'hostile work environment.'" (Plaintiff's Brief at
2). The standard that a claim should not be dismissed unless there is "no set of facts" that would
entitle a plaintiff to relief was adopted by the Supreme Court in *Conley v. Gibson* (355 U.S. 41,
45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), but it was replaced by the "plausible claim for relief"
standard in *Twombly* (550 U.S. at 561-63) and *Iqbal* ( 556 U.S. at 678).

qualifications.  (*Id*. ¶¶ 25).  These allegations demonstrate that French may have continued suffering sex or race discrimination on or after July 2, 2010.  Thus, French may proceed with these claims.  However:

> [c]laims about discrete employment actions, such as failure to promote, must be made within 300 days under Title VII or four years under § 1981. That discrete acts may have been mixed with a hostile environment does not extend the time; *Morgan*, which involved just such a mixture, shows as much.

*Pruitt v. City of Chicago*, 472 F.3d 925, 927 (7th Cir. 2006).  Therefore, regardless of whether the court found French had pleaded an actionable hostile work environment claim, French cannot bring claims of discriminatory acts that happened before July 2, 2010.  Azteca Milling's motion for judgment on the pleadings for Count I is hereby granted as it pertains to any incident occurring before July 2, 2010, and denied for any act occurring on or after that date.  French may, however, use alleged discriminatory acts occurring before July 2, 2010 as background information for her claims of discrimination that allegedly occurred on or after that date.  *Morgan*, 536 U.S. at 113.

### 2.    Retaliation

Azteca Milling claims that any allegations of retaliation occurring before July 2, 2010 are similarly barred by the statute of limitations.  As with the allegations of discrimination, each discrete retaliatory act must have occurred within 300 days before French filed her charge with the EEOC.  *Morgan*, 536 U.S. at 113; *Pruitt*, 472 F.3d at 927.  Defendant's motion for judgment on the pleadings for Count II is hereby granted as it pertains to any incident occurring before July 2, 2010.  However, like with the Count I

discrimination allegations, time-barred acts can be used as background support for any alleged incident occurring after that date.  *Morgan*, 536 U.S. at 113.

### B.    Whether French's Equal Pay Act Claim Is Time-barred

Azteca Milling moved for judgment on the pleadings for Count IV—violation of the Equal Pay Act from the time of her promotion in December 2009 until her forced leave in August 2010 (Complaint ¶¶ 44-47)—for any failure to pay the supervisor pay rate prior to June 14, 2010, since those allegations would be barred by the Equal Pay Act's two-year statute of limitations.  29 U.S.C. § 255(a).  However, French alleges that the failure to pay the differential was willful (Complaint ¶ 46), which makes the statute of limitations three years from the date of filing suit and makes the alleged pay deficiency for her entire time as a supervisor actionable.  29 U.S.C. § 255(a).  Azteca Milling concedes that "[French's] Equal Pay Act claim based on her promotion to sanitation crew leader in December 2009 is timely."  (Defendant's Reply at 3 n.2).  Therefore, Azteca Milling's motion for partial judgment on the pleadings on Count IV is denied.

## IV.    Conclusion

For the foregoing reasons, Azteca Milling's motion for partial judgment on the pleadings (Docket # 10) is **GRANTED** for Count I as it pertains to any sexual harassment or hostile work environment claim, for any act of race or sex discrimination occurring before July 2, 2010, and for Count II as it pertains to any retaliatory act occurring before July 2, 2010.  Azteca Milling's motion is **DENIED** for Count I for any

act of race or sex discrimination occurring on or after July 2, 2010, and for Count IV in its entirety.[4]

**SO ORDERED** this 19th day of November 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record

---

[4] Azteca Milling did not move for judgment on the pleadings on Count III (pregnancy discrimination), so French's claim will proceed as pleaded.